IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BETHLEHEM AREA SCHOOL DISTRICT | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DIANA ZHOU | : | NO. 09-03493 |

## MEMORANDUM AND ORDER

Ditter, J.                                                                                                                July 23, 2010

This case comes before me on the defendant's motion to strike specific paragraphs from the amended complaint and motion to dismiss the amended complaint. The plaintiff, Bethlehem Area School District, alleges that the defendant, Diana Zhou, presented a series of accusations for improper purposes and in bad faith. The plaintiff seeks attorneys' fees under the federal Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400, *et seq.* ("IDEA"), in Count I, and under Pennsylvania state law, 42 Pa. Cons. Stat. § 2503(9) ("Dragonetti Act"), in Count II.

I find that the material the defendant seeks to have stricken from the amended complaint is not redundant, immaterial, impertinent, or scandalous. Therefore, I will deny the defendant's motions to strike. I also find that the plaintiff's claim for attorneys' fees under the IDEA states sufficient factual matter to survive the defendant's motion to dismiss. The plaintiff's claim for attorneys' fees under the Dragonetti Act fails to meet this standard. Therefore, I will grant the defendant's motion to dismiss Count II of the plaintiff's amended complaint.

I.     <u>Factual Allegations</u>

The amended complaint alleges that the defendant, a native speaker of Mandarin Chinese, has two sons enrolled in the district. The son, M.Z., has been eligible for special education

services under the IDEA and for gifted services under Pennsylvania law and regulations, 24 P.S. §§ 13-1371-1372; 22 Pa. Code § 16.1, *et seq.* (the "Gifted Laws"), since entering kindergarten in 2001. Her other son, J.Z., is also eligible for gifted services under the Gifted Laws. Both the IDEA and Gifted Laws allow parents and school districts to settle disputes concerning a child's education plan through a number of procedural safeguards, including the filing of complaints and requests for due process hearings with the State educational agency.

The amended complaint alleges that, pursuant to the IDEA and the Gifted Laws, the defendant requested ten due process hearings regarding M.Z. from 2001 through the 2008-2009 school year and four hearings regarding J.Z during 2008-2009.[1] All of the requests regarding J.Z. were made pursuant to the Gifted Laws, and the defendant filed six requests regarding M.Z. pursuant to both the IDEA and Gifted Laws during 2008-2009. During 2008-2009, the defendant filed complaints requesting hearings twice while prior hearings were already convened and once while a prior hearing officer retained jurisdiction. At a May 19, 2008 due process hearing, the defendant refused to participate. The district prevailed at all due process hearings and subsequent appeals for both M.Z. and J.Z.

The defendant also requested three mediation sessions during 2008-2009.[2] None of the

---

[1] I note that the plaintiff's amended complaint is inconsistent and provides differing totals of the number of dispute resolutions sought by the defendant. (*Compare* Am. Compl. ¶¶ 106-07 (parent filed six requests for hearings during 2008-2009 regarding M.Z., two of which were under the IDEA), *with* Am. Compl. ¶ 163 (alleging that parent filed four requests for hearings during 2008-2009 under Count I seeking fees under the IDEA).) A review of the plaintiff's response to the defendant's motion to dismiss shows that the totals in that pleading are also irreconcilable with those in the amended complaint. (*Compare* Am. Compl. ¶¶ 105-06, 108, 143 (ten total due process hearing requests regarding M.Z., seven during 2008-2009, and four regarding J.Z.), *with* Pl.'s Resp. 2-3 (twelve total requests by the defendant, five regarding M.Z., and three of the five made from May 2007 through 2008-2009).)

[2] Again, the amended complaint fails to provide a clear summation of the number of mediation sessions. (*Compare* Am. Compl. ¶¶ 78, 142 (two mediation sessions requested regarding M.Z., and one regarding J.Z.), *with* Pl.'s Resp. 5 (requested a total of two mediation sessions).)

sessions proved successful. The plaintiff alleges that the defendant, at the November 24, 2008 mediation session she had requested, advised the mediator that it was her intention to drive up costs for the district so it would agree to pay for M.Z. and J.Z. to go to private school. The defendant also allegedly walked out of a June 2, 2009 session before its conclusion without explanation. Moreover, she filed complaints with the Office of Civil Rights ("OCR") with respect to both her sons. The OCR dismissed all of her complaints.

The amended complaint alleges that in June 2007, the defendant began requesting translator services for all meetings and at all hearings convened under the IDEA and the Gifted Laws with respect to both sons. These requests continued through the 2008-2009 school year. In 2008, the defendant requested that all documents related to a hearing for M.Z. be translated into Mandarin Chinese. At subsequent hearings for both sons during the 2008-2009 school year, the defendant continued to request that all relevant documents be translated. She never made such requests prior to June 2007, and she had frequently communicated in English over the prior eight years.

The plaintiff seeks attorneys' fees pursuant to the fee-shifting provision of the IDEA, 20 U.S.C. § 1415(i)(3)(B)(i)(III), and Pennsylvania's Dragonetti Act. The plaintiff alleges that the continuous complaints filed by the defendant were redundant and repetitive, and that the district had no way to avoid costs once a complaint was filed. It contends that the defendant presented her complaints to harass, to increase the cost of litigation needlessly, and that her actions were arbitrary, vexatious, and made in bad faith. The defendant filed a motion to strike specific paragraphs from the amended complaint and a motion to dismiss.

II.     Standard of Review

Under Rule 12(f), I may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). "Motions to strike are not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002).

Under Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). I must accept as true the factual allegations contained in the complaint and all reasonable inferences drawn therefrom and view the facts in the light most favorable to the plaintiff.

III.    Discussion

   A.   Motions to Strike

The defendant moves to strike from the amended complaint allegations that at the November 24, 2008 mediation session she indicated her intention "to drive up costs for the District so that the District would agree to pay for M.Z. and J.Z. to go to private school." (Am. Compl. ¶ 168.) The defendant argues that such statements are inadmissible under an IDEA evidentiary privilege that provides "[d]iscussions that occur during the mediation process shall be confidential and may not be used as evidence in any subsequent due process hearing or civil proceeding." 20 U.S.C. § 1415(e)(2)(G). The plaintiff contends that the defendant cannot invoke the confidentiality provision of the IDEA after stating her intention to misuse the IDEA procedural safeguards.

4

"[Testimonial exclusionary rules and privileges] must be strictly construed and accepted 'only to the very limited extent that permitting a refusal to testify or excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining truth.'" *Trammel v. U.S.*, 445 U.S. 40, 50-51 (1980). *See also Baldrige v. Shapiro*, 455 U.S. 345, 360 (1982) ("A statute granting a privilege is to be strictly construed so as 'to avoid a construction that would suppress otherwise competent evidence.'" (quoting *St. Regis Paper Co. v. U.S.*, 368 U.S. 208, 218 (1961))).

I find that the mediation privilege of the IDEA cannot be read to allow the defendant to invoke its protection under these circumstances. The provision only protects as confidential and privileged those "[d]iscussions that occur during the mediation process." 20 U.S.C. § 1415(e)(2)(G). Such provisions are designed to encourage compromise in an effort to obtain amicable resolutions to disputes. However, if a resolution is not possible, the parties are returned to their prior positions. Here, the plaintiff makes no claim that the defendant was participating in mediation discussions. In fact, it is plainly alleged that the defendant indicated an intention to the contrary: to drive up the costs of litigation until the district agreed to her demands. Allowing the defendant to invoke the mediation privilege here fosters no "'public good transcending the normally predominant principle of utilizing all rational means for ascertaining truth.'" *Trammel*, 445 U.S. at 50.

I agree with the defendant that the protection of confidentiality during mediation sessions is important to encourage the use of mediation and to promote the successful resolution of disputes short of litigation. However, here the defendant's statements do not evidence an intent to mediate or resolve the dispute. They are neither inadmissible under the mediation privilege of

5

the IDEA nor immaterial under Rule 12(f). Therefore, the defendant's motion to strike her alleged statements of November 24, 2008, must be denied.

In addition, the defendant seeks to have allegations relating to her demands that arose prior to July 1, 2005, stricken from the amended complaint. The defendant reasons that the IDEA fee-shifting provision relied on by the plaintiff for an award of attorneys' fees was not effective until that date, so it cannot be applied retroactively. The plaintiff contends that these allegations are pertinent and material to proving the defendant's pattern and practice of misusing the procedural safeguards for her own purposes.

I agree with the defendant that the IDEA's fee-shifting provision may not be applied retroactively and that the plaintiff may not be awarded attorneys' fees incurred before the effective date of the provision. However, as the plaintiff correctly points out, the allegations relating to complaints made prior to the effective date may still be relevant.[3] "History provides the illuminating context within which the implications of present conduct may be known." *Communist Party of U.S. v. Subversive Activities Control Bd.*, 367 U.S. 1, 69 (1961) (holding that the lower court did not err "in relying on evidence of conduct in which it engaged prior to the enactment of the [statute]"). Similarly, the defendant's demands prior to July 1, 2005, may provide context for the current dispute because they help explain the defendant's subjective intent for presenting her IDEA complaints. Therefore, the defendant's motion to strike complaints that arose prior to July 1, 2005, must be denied.

The defendant would also have me strike from the amended complaint "all allegations

---

[3] I consider the relevance of these allegations under the standard for a motion to strike. I will not make evidentiary rulings at this early stage of the proceedings.

relating to D.Z.'s pursuit of appropriate gifted education for her sons" under Pennsylvania law and allegations regarding her complaints to the OCR, because they are not relevant to the IDEA proceedings. (Def.'s Reply 5.) The plaintiff again counters by arguing these allegations go towards establishing the pattern and practice of misusing the procedural safeguards. I agree. The non-IDEA allegations also bear a relation to the current dispute and may also help explain the defendant's intent for presenting her IDEA complaints. Considering the general reluctance and disfavor towards motions to strike, granting such an motion would be inappropriate. Therefore, the defendant's motion to strike allegations regarding non-IDEA proceedings must be denied.

Lastly, the defendant moves to strike from the amended complaint her full name and home address, arguing that such information violates the confidentiality of her children under IDEA regulations, 34 C.F.R. §§ 300.32, 300.623. Rule 5.1.3 of the Local Rules of Civil Procedure also provides:

> Modification or Redaction of Personal Identifiers
>
> As documents in civil cases may be made available for personal inspection in the office of the clerk of court at the United States Courthouse, or, if filed electronically, may be made available on the court's Electronic Case Filing system, such personal identifiers as Social Security numbers, dates of birth, financial account numbers and names of minor children should be modified or partially redacted in all documents filed either in traditional paper form or electronically.

The amended complaint properly refers to the defendant's minor children only by their initials, M.Z. and J.Z. Nevertheless, the defendant argues that by disclosing her full name and address, the district revealed confidential information about her children, "including details about M.Z.'s disabilities and special education status." (Def.'s Reply 7.)

However, the amended complaint merely states that M.Z. is "eligible for special

education services under the [IDEA], and for gifted services under Pennsylvania law" and that J.Z. is "eligible for gifted services" under Pennsylvania law. (Am. Compl. ¶¶ 4-5.) The remainder of the complaint focuses solely on the defendant's alleged abuse of the IDEA's and Gifted Laws' procedural safeguards. In a case against a parent for abuse of process, the parent is not entitled to confidentiality. Here, the plaintiff has taken sufficient steps to ensure that the rights of M.Z. and J.Z. remain protected, and has focused its complaint on the parent's conduct. Therefore, the defendant's motion to strike her full name and address must be denied.

B. Motions to Dismiss

The defendant moves to dismiss Count I of the plaintiff's complaint, which seeks attorneys' fees under the IDEA, 20 U.S.C. § 1415(i)(3)(B)(i)(III). Under this fee-shifting provision, a prevailing State or local educational agency must allege that the attorney of a parent, or the parent, presented a complaint or subsequent cause of action "for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation." *Id.*

There are few federal cases regarding claims by a school district against a parent for attorneys' fees under the fee-shifting provision of the IDEA. The only case briefed by the parties, *R.W. v. Georgia Department of Education*, No. 07-535, 2007 WL 2915911 (N.D. Ga. Oct. 4, 2007), is only marginally helpful because the school district in that case sought attorneys' fees from a parent's *attorney* under a different subsection of the fee-shifting provisions than is at issue here. More analogous are the circumstances in the case of *Parenteau v. Prescott Unified School District*, No. 07-8072, 2009 WL 2169154, at *9 (D. Ariz. July 17, 2009).

In that case, the court awarded attorneys' fees to the school district under § 1415(i)(3)(B)(i)(III), the subsection at issue here, after concluding that evidence was presented

revealing an improper purpose. *Id.* at *9. The parents' had alleged, among other things, that there were no autism programs or qualified teachers within the school district, their son failed to make meaningful progress, and once a program was provided, it was unacceptable. *Id.* at *3. The school district countered that the parents filed five requests for due process hearings. *Id.* The court pointed to the parents' response to the school district's fee application[4] in holding that "[t]he most directly inferrable actual purpose for initiating this litigation is anger." *Id.* at *8. It went on to conclude that "other improper purposes, such as monetary gain from the extortion value of meritless litigation, may easily be inferred from the record." *Id.*

Here, the amended complaint alleges that the defendant's intent throughout her time in the district was to drive up the costs of litigation for the school district, so as to force the plaintiff to "give in" and pay for her children's private education. As support, the plaintiff includes well-pled, specific allegations that the defendant made continuous complaints and requests for hearings, all similar or identical in content and in all of which the district prevailed. In addition, the amended complaint includes allegations that the defendant arbitrarily disapproved of offered services, refused to cooperate in hearings and mediation sessions, and needlessly demanded the services of a translator.

Under the facts alleged in the amended complaint, which must be taken as true, the plaintiff has stated a plausible claim of relief under the IDEA.[5] At a minimum, enough factual

---

[4] The response states, in part, "It is understandable that parents would vigorously pursue to obtain something more for their child" after his condition failed to improve. *Parenteau*, 2009 WL 2169154, at *3. After becoming aware of services provided to other autistic children, "their *anger* would increase even more." *Id.*

[5] The parties briefed the issue of whether the exhibits attached to Plaintiff's Response to Defendant's Motion to Strike and to Dismiss Plaintiff's Amended Complaint should be considered. Because the plaintiff pled sufficient factual matter in the amended complaint itself, I need not determine this issue.

allegations are provided to raise a reasonable expectation that discovery will reveal evidence that the defendant presented a series of demands for an improper purpose. Therefore, the defendant's motion to dismiss the plaintiff's claim for attorneys' fees pursuant to § 1415(i)(3)(B)(i)(III) of the IDEA must be denied.

The defendant also asks me to dismiss Count II in the plaintiff's amended complaint, which seeks reasonable attorneys' fees under the Dragonetti Act. Pursuant to this state law, a participant must allege "the conduct of another in commencing the matter or otherwise was arbitrary, vexatious or in bad faith." 42 Pa. Cons. Stat. § 2503(9).

"Pennsylvania's courts have consistently and unambiguously limited the availability of attorneys' fees under § 2503(9) to matters litigated before components of the 'unified judicial system.'" *Reitz v. Dieter*, 840 F. Supp. 353, 355 (E.D. Pa. 1993) (citing three Pennsylvania Commonwealth Court decisions). Because "federal courts are not within [Pennsylvania's] 'unified judicial system,'" recovery of attorneys' fees under § 2503(9) is not permitted. *Id.* at 354-55. *See* 42 Pa. Cons. Stat. §§ 102, 301. Under this state procedural rule, no plausible claim for relief exists. Therefore, the defendant's motion to dismiss Count II must be granted with respect to attorneys' fees pursuant to 42 Pa. Cons. Stat. § 2503(9).

IV. Conclusion

For the foregoing reasons, the defendant's motions to strike must be denied, the motion to dismiss Count I must be denied, and the motion to dismiss Count II must be granted.

An appropriate order follows.