IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BETHLEHEM AREA SCHOOL DISTRICT | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DIANA ZHOU | : | NO. 09-3493 |

## M E M O R A N D U M   A N D   O R D E R

Ditter, J.                                                                                                April 26, 2011

The Bethlehem Area School District alleges that the defendant, Diana Zhou, has filed

complaints and made demands upon it that amount to harassment and that have caused a needless

increase in its expenses.  The District seeks attorneys' fees under the Individuals with Disabilities

Education Act, 20 U.S.C. §§ 1400, *et seq.* ("IDEA") and pursuant to 42 Pa. C.S.A. § 2503(9).

The District filed a motion to compel Ms. Zhou to be deposed without an interpreter and seeks a

declaration that Ms. Zhou is proficient in English and should not be permitted to use an

interpreter in future state proceedings.  For the reasons that follow, I will deny the District's

motion and allow Ms. Zhou to employ and use an interpreter at her deposition as she may feel the

desire to do so.

### Use of an Interpreter at Defendant's Deposition

Ms. Zhou, whose primary language is Mandarin Chinese, wishes to have an interpreter on

an as-needed basis, at her own expense, at her deposition.  The District relies, in its motion and

memorandum, on the federal Court Interpreters Act, 28 U.S.C. § 1827, to support its assertion

that Ms. Zhou is not entitled to proceed with an interpreter.  However, counsel for the District

conceded at the hearing on this matter that the Act is not applicable, as it pertains only to

"proceedings instituted *by the United States*."  28 U.S.C. § 1827(b)(1) (emphasis added).

Furthermore, the Act requires the clerk of court to provide the interpreter at the court's expense. 28 U.S.C. § 1827(c)(2).

Here, the District, and not the United States, has filed suit and the defendant seeks to use an interpreter at her own expense. I have found no case, and the plaintiff has not pointed me to any case, forbidding the use of an interpreter in such a situation. Instead, the few courts that have addressed the issue have uniformly permitted the use of an interpreter.

For example, in *Goyette v. DCA Advertising Inc.*, No. 91 CIV 3518, 1991 WL 639599, *1 (S.D.N.Y. Sept. 16, 1991), native Japanese speakers sought to use an interpreter during their depositions. Just as in this case, the plaintiffs in *Goyette* opposed the use of an interpreter because they claimed the witnesses had "sufficient English skills to comprehend the judicial proceedings, understand questions presented and answer such questions in English." *Id*. The Court found that "both witnesses have had not only substantial college English training, but significant English study thereafter . . . [were] chose[n] for their positions in New York in part because of their English language ability . . . [and] extensively used English without the aid of a translator at conferences, in interviews, and in responding to co-workers and others." *Id*. The Court therefore held that the witnesses "have sufficient ability to understand and to answer deposition questions in English . . . and therefore can testify without the assistance of direct sequential translation." Nonetheless, the Court held that "the depositions will be conducted with the presence of a[n] English-Japanese translator in order to assist the witnesses in understanding any questions that present particular difficulty." *Id*. *See also, Naqvi v. Oudensha America, Inc.*, No. 88 C 6966, 1991 U.S. Dist. LEXIS 502, *6 (N.D. Ill. Jan. 17, 1991) (upholding magistrate judge's order denying request to proceed in Japanese, but allowing for an interpreter on an as-

needed basis where the witness appeared to have "sufficient English skills to comprehend the judicial proceedings, understand questions presented to her at her deposition, and answer questions in English").

Ms. Zhou was born in China and is a native Mandarin Chinese speaker. She testified that she took English classes in school in China and that she has resided in the United States since 1986. She obtained a master's degree from the University of Arizona in 1989 where her classes were in English. Following her graduation, she secured employment at AT&T where she communicated with her colleagues in English for her approximately eight-year tenure, although she did express difficulty understanding jokes, sports and conversation about the news. Ms. Zhou also testified that she primarily speaks Chinese in her home, watches Chinese television, and reads for recreation in Chinese. Although she has communicated in English at prior hearings where she has represented herself, she noted that she has sought assistance from others in reviewing correspondence from the District and in drafting her written responses to the District.

At the hearing on the pending motions, Ms. Zhou demonstrated a sufficient ability to understand and answer deposition questions in English. Indeed, in over an hour of questioning by her attorney, she sought assistance from the interpreter on only two occasions and was able to proceed on cross-examination without the interpreter, who had to leave for another engagement. Nonetheless, if Ms. Zhou wishes to provide an interpreter at her own expense to assist her understanding of specific words in the questions posed and her ability to communicate responses, there is no harm in permitting her to do so. Ms. Zhou asserts that she "intends to listen and respond to the District's counsel's questions in English, and use the interpreter only if she has difficulty understanding or expressing something in English." (Def's Mot. for Protective Order

3

at 5.)  I will therefore allow Ms. Zhou to utilize an interpreter, provided at her own expense, on

an as-requested basis at her deposition.[1]   My decision is limited to permitting Ms. Zhou to

proceed at her deposition with an interpreter and is not to be used as evidence of Ms. Zhou's

*need* for interpretive services in the past or in the future.  To facilitate resolution of any disputes

that would otherwise impede the deposition from continuing, Ms. Zhou's deposition shall take

place at the James A. Byrne Federal Courthouse on a date when the Honorable David R.

Strawbridge is available to rule on such objections.

**District's Motion for Declaration of Ms. Zhou's English Proficiency**

The District also seeks a declaration that Ms. Zhou "is not entitled to interpretation

services because she is sufficiently proficient in the English language to participate fully *in the*

*educational decision making process* on behalf of Students" and requests an order directing Ms.

Zhou "to refrain and desist from requesting interpretation services in the future with regard to

educational decision making on behalf of Students."  Pl.'s Mot. to Compel at 7-8 (emphasis

added).

Federal courts are courts of limited jurisdiction. They possess only that power authorized

---

[1] The District also argued that Ms. Zhou should not be permitted to use an interpreter at her deposition in this matter because her alleged need for an interpreter is a key issue in the District's claim that she acted with an improper purpose and needlessly increased costs.  The District's argument is without merit.  Ms. Zhou's right to proceed with an interpreter on an as-requested basis at her own expense at her deposition does not impede the District from arguing that Ms. Zhou does not require interpretive services or that she has sought such services for improper purposes.  Furthermore, the relevance of her need for interpretive services to the underlying claim does not impact her right to such services in these proceedings. *See e.g., EEOC v. Beauty Enterprises, Inc.*, No. 3:01 CV 378, 2002 U.S. Dist. LEXIS 13520, *5 (D. Conn. May 21, 2002) (permitting the use of an interpreter on an as-needed basis even where the defendant "admitted that the question of fact regarding the English proficiency of the charging parties [was] an ultimate issue in th[e] case").

by Constitution and statute, which is not to be expanded by judicial decree. Jurisdiction in this matter is pursuant to 20 U.S.C. § 1415(i)(3), which permits me to "award reasonable attorneys' fees" and not to issue declarations that would govern state proceedings.

This is especially true where the District seeks a declaration in federal court pursuant to a federal statute that would affect state proceedings that are governed by significantly different state laws. *See e.g.,* 2 Pa. C.S. § 563 ("*Upon request* or sua sponte, a presiding officer *shall appoint a certified interpreter*" (emphasis added)); 2 Pa. C.S. § 567 (the interpreter "shall be reimbursed for actual and reasonable expenses by the agency conducting the administrative proceeding"); 2 Pa. C.S. § 101 (defining "Person with limited English proficiency").

Furthermore, as the parties in this case are well aware, the state courts are capable of resolving disputes over the provision of interpretation services. Indeed, the Commonwealth Court, in resolving such a dispute between these very same parties, found that "[t]he constitutionally protected rights afforded by due process, which apply to administrative proceedings . . . includes the right to be heard, which in certain circumstances, include the right to assistance from an interpreter during the proceedings itself." *Bethlehem Area Sch. Dist. v. Zhou*, 976 A.2d 1284, 1286 (Pa. Commw. Ct. 2009) (addressing cost of translating transcript of administrative proceedings). *See also, D.Z. v. Bethlehem Area Sch. Dist.*, 2 A.3d 712 (Pa. Commw. Ct. 2010) (addressing appeal from order requiring Ms. Zhou to proceed in Chinese through an interpreter and failure to appoint a certified or otherwise qualified interpreter).

My ruling and what I say here permitting Ms. Zhou to use an interpreter at her deposition shall have no precedential value or evidentiary effect as to any past or future proceedings involving these parties. I decline the District's request to issue a declaration that would

potentially govern future state court proceedings.

An appropriate order follows.