IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BETHLEHEM AREA SCHOOL DISTRICT, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DIANA ZHOU, | : | NO. 09-CV-03493 |

**MEMORANDUM**

Ditter, J.                                                                                                                             September 27, 2011

Defendant Diana Zhou has filed a motion in limine to preclude the Bethlehem Area School District from calling its expert, Andrew M. Klein, and from using his report. For the reasons that follow, I will grant Ms. Zhou's motion, but I will permit Mr. Klein to testify at trial regarding the IDEA processes if he provides a revised report addressing this scope of testimony and the District makes him available to Ms. Zhou for a second deposition.

**I. BACKGROUND**

The District alleges that Ms. Zhou presented a series of accusations for improper purposes and in bad faith and seeks attorneys' fees under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400, *et seq.* ("IDEA"). The District retained Mr. Klein as an expert and he submitted an expert report. Ms. Zhou asserts that Mr. Klein's report and testimony are inadmissible because an expert cannot provide legal conclusions or testify to intent and because he lacks sufficient facts and a reliable method for assessing intent.

**II. DISCUSSION**

       **A. Improper Legal Conclusions And Opinion on Intent**

Mr. Klein states that he was retained "to offer an opinion regarding whether the parent, Diana Zhou, has engaged in a course of conduct which would entitle the Bethlehem Area School

District to recover attorneys' fees under the provisions of [the IDEA]." (Klein Report at 1.) At the start of his "Discussion, Impressions and Conclusions" section, he states: "[T]here is little question or doubt that [Zhou's] *motives fit within the confines and parameters [sic] of IDEA* as relates to harassing the school district and increasing the cost of litigation in a needless fashion." (*Id.* at 9 (emphasis added).) He ultimately concludes his report, stating "it is my professional opinion to a reasonable certainty that Ms. Diana Zhou repeatedly and continuously filed for hearings, mediations, OCR complaints and continuing court proceedings *for the sole purpose of harassing* the Bethlehem Area School District and driving up their costs needlessly to defend all of these actions." (*Id.* at 12 (emphasis added).) Mr. Klein's report also states that Ms. Zhou "abnegated her responsibility as a parent under the IDEA by litigating claims *for which she can obtain no relief*" and that her "ulterior motives . . . were to wear down the district via complaints and causes of action *for an improper purpose*." (*Id.* at 11-12. (emphasis added)).

### 1. Legal Conclusions

"[I]t is not permissible for a witness to testify as to the governing law." *United States v. Leo*, 941 F.2d 181, 196 (3d Cir. Pa. 1991). *See also, Holman Enterprises v. Fidelity & Guaranty Ins. Co.*, 563 F. Supp. 2d 467, 472 (D.N.J. 2008) (noting the "prohibition on experts testifying as to their own legal conclusions is so well established that it is often deemed a basic premise or assumption of evidence law – a kind of axiomatic principle"). Experts "may not . . . apply the resulting law to the facts of [a] case to draw a legal conclusion. In essence, the experts may testify as to their factual conclusions so long as they do not offer a legal opinion as to the legal implications of those conclusions." *Langbord v. United States Dep't of the Treasury*, No. 06-CV-05315, 2009 U.S. Dist. LEXIS 40083, *27-28 (E.D. Pa. May 7, 2009).

"While courts sometimes accept expert evaluations of a student in IDEA actions, these evaluations should not present legal analysis." *Lebron v. N. Penn Sch. Dist.*, 769 F. Supp. 2d 788, 794-795 (E.D. Pa. 2011) (*citing Moorestown Twp. Bd. of Educ. v. S.D.*, No. 10-0312, 2010 U.S. Dist. LEXIS 109856, at *12-13 (D.N.J. Oct. 15, 2010) (rejecting expert evidence in IDEA action insofar as the testimony constituted legal analysis)).

Mr. Klein's self-described purpose for his report is to reach a legal conclusion and he did just that. His findings that Ms. Zhou is acting outside the confines of the IDEA, that she cannot obtain relief, and that she has acted for an improper purpose under the provisions of the IDEA are all impermissible legal conclusions.

### 2. Expert Cannot Testify to Intent

Ms. Zhou argues that Mr. Klein's report and testimony are inadmissible because intent is not a proper subject of expert testimony. She is correct. "'[T]he question of intent is a classic jury question and not one for experts.'" *Robinson v. Hartzell Propeller, Inc.*, 326 F. Supp. 2d 631, 648 (E.D. Pa. 2004) (quoting and following the reasoning of *In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Products Liability Litig.*, No. 1203, 2000 U.S. Dist. LEXIS 9037 (E.D. Pa. June 20, 2000)). *See also, Gallatin Fuels, Inc. v. Westchester Fire Ins. Co.*, 410 F. Supp. 2d 417, 423 (W.D. Pa. 2006) ("An expert simply is not in any better position than the jury to assess another's subjective intent.").

Mr. Klein conceded that he was at least "partially" retained to assess Ms. Zhou's intent, in addition to her behavior. (Klein Tr. at 487:21-48:11.) His report undeniably reaches conclusions as to Ms. Zhou's intent. For example, he found that her "sole purpose" was to harass the District and drive up its costs and that her "ultimate motivation" was "a demand that the

3

school district place both of her children at the Moravian Academy." (Klein Report at 11-12.)

The District, however, argues that Mr. Klein is "qualified to opine regarding the IDEA" and that he "is qualified as an expert regarding the IDEA processes and procedures." (Plf.'s Opp. Br. at 7-8.) It insists that "[h]e was not retained to testify as to [Zhou's] state of mind," but instead that his "testimony merely provides a background of specialized knowledge regarding the IDEA for the jury to determine whether [Zhou] abused its processes." (*Id.* at 7.)

Indeed, Mr. Klein testified at his deposition that he was "absolutely not" giving an opinion on Ms. Zhou's psychological intent, but was "saying that she engaged in behavior that . . . *fits the statute* in my opinion in terms of harassment and needlessly driving up the cost to the district and intimidation. It's not based on what she was thinking at any point in time." (Klein Tr. at 63:25-64:22 (emphasis added).)

First, as noted above, Mr. Klein cannot testify to whether Ms. Zhou's behavior "fits the statute" because he cannot give a legal opinion. Second, Mr. Klein's expert report belies the District's assertions regarding how they intend to use Mr. Klein at trial. Mr. Klein's report is inadmissible because it is a compilation of inadmissible legal conclusions and opinions on Ms. Zhou's intent.

**B. Facts and Methodology**

The District claims that "Mr. Klein's testimony will provide the trier of fact with a basis of knowledge regarding IDEA processes[ ] and [Zhou's] uses of them . . . [to assist] the trier of fact on the issue of whether [Zhou] engaged in IDEA processes for an improper purpose." *Id.* at 11. In Mr. Klein's eight pages of discussion, he does provide one paragraph that supports the District's assertion of its intended scope of Mr. Klein's testimony. At page ten of his report, Mr.

4

Klein states that in his seventeen years as a hearing officer and twenty-seven years as a special education administrator, he has "**never** . . . encountered a scenario and fact pattern of abusing the process" as in this case. (Klein Report at 10, emphasis in original.) Mr. Klein asserts that there were "a total of only five approved NOREP's or NORA's[1] out of 30 proffered by the district" and that "only three were approved without annotations to the extent that annotations can be read as virtual disapprovals. This ten percent approval rate indicating full acceptance is far below the 'industry norm' nationally of approvals in the ninety percentiles." (*Id.* at 10.)

Mr. Klein's legal conclusions and opinions on Ms. Zhou's intent are inadmissible, and I therefore do not address his supporting facts or methodology relating to intent. However, conclusions based on the custom and practice of proceedings under the IDEA may be admissible. *See e.g., Nationwide Life Ins. Co. v. Commonwealth Land Title Ins. Co.*, No. 05-281, 2011 U.S. Dist. LEXIS 5933, *42-43 (E.D. Pa. Jan. 20, 2011)(noting common use of a "bifurcated approach to the Motion in Limine" and allowing testimony on industry custom and practice, but excluding testimony and portions of report interpreting legal documents).

Mr. Klein appears qualified to testify as an expert on applications of the IDEA and special education based on his education and experience. Indeed, in Ms. Zhou's motion in limine she recognizes that "Mr. Klein may be qualified to give expert testimony related to special education services." Def.'s Mot. in Limine at 6. In addition, Ms. Zhou's counsel acknowledged at Mr. Klein's deposition that she has used Mr. Klein as an expert in an IDEA matter. Klein Tr. 46:17-47:13.

---

[1] NORA stands for Notice of Recommended Assignment and NOREP stands for Notice of Recommended Educational Placement.

Even accepting Mr. Klein as qualified, he fails to explain the "industry norm" – or why he uses quotations to define the term, why an annotation is a virtual disapproval, if annotations are customarily considered disapprovals in the stated ninety percent national approval rate, or whether a NOREP or NORA "approval" requires a signature. And his numbers don't add up.[2] Mr. Klein's failure to articulate the relevant standards or their source in his report is fatal to its admissibility.

Nonetheless, I recognize that where an expert is qualified to express an expert opinion under *Daubert*, excluding expert testimony may be considered a drastic measure. Furthermore, "[t]estimony of an expert on matters within the expert's expertise but outside of the expert's report is not only permissible at trial, but the exclusion of such testimony may be reversible error . . . . An expert may testify beyond the scope of his report absent surprise or bad faith." *Altman v. Ingersoll-Rand Co.*, No. 05-956, 2008 U.S. Dist. LEXIS 16696, *16 (E.D. Pa. Mar. 4, 2008)) (quoting *Bowersfield v. Suzuki Motor Corp.*, 151 F. Supp. 2d 625, 632 (E.D. Pa. 2001)).

Here, cross motions for summary judgment are currently pending and no trial date has been scheduled. I will not consider Mr. Klein's report in the pending motions for summary judgment. I will, however, permit the District, if it so chooses, to submit a new expert report

---

[2] Mr. Klein states the District issued four NORAs regarding Joshua, of which two were unsigned and two were disapproved by Ms. Zhou. (Klein Report at 6.) He also notes the District issued twenty-six NOREPs or NORAs regarding Michael, to which Ms. Zhou "approved only four in their entirety," and states that "[t]wo were approved conditionally or 'with some disagreement' to the extent that one could argue that they were essentially disapprovals practically speaking." (Klein Report at 9.) I add four and twenty-six to reach thirty, the same total as Mr. Klein. However, Mr. Klein turns four approvals "in their entirety" into only three "full acceptance" approvals on page ten of his report. When I add the initial four approvals "in their entirety" to the two conditional approvals, I reach six approvals, not the five cited by Mr. Klein. It is also not clear whether the "disagreement" Mr. Klein notes is the same as the "annotation" that equates to a "virtual disapproval" he discusses at page ten.

actually addressing the purpose it now sets forth for calling Mr. Klein.  If the District elects to submit a new report and to call Mr. Klein at trial, he will not be permitted to testify to any legal conclusions or to Ms. Zhou's intent.  To avoid prejudice to Ms. Zhou, the District must provide her, at its expense, an opportunity to depose Mr. Klein on the limited scope of his new report.

### III.  CONCLUSION

The District's claim that Mr. Klein's testimony will only provide the trier of fact with knowledge regarding the IDEA processes is contradicted by the stated reason for Mr. Klein's retention in his report, the report itself, and his testimony.  The rules of evidence prohibit testimony by an expert on legal conclusions or intent and Ms. Zhou's motion in limine to exclude Mr. Klein's report will be granted.  However, if the District does seek to call Mr. Klein to testify to the IDEA processes and Ms. Zhou's use thereof, it must comply with this opinion and my order.

An appropriate order follows.