## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BETHLEHEM AREA SCHOOL DISTRICT, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DIANA ZHOU, | : | NO. 09-03493 |

**FILED**

MAR 2 0 2012

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

### MEMORANDUM

Ditter, J.                                                              March 1⁷ 2012

This opinion will explain another ruling where the Bethlehem Area School District has

sued Diana Zhou, the mother of two of its students, contending she has abused legal processes

and seeking recovery of the its legal fees pursuant to the Individuals with Disabilities Education

Act ("IDEA").

In a motion for summary judgment, Zhou asserts that the District's claims should be

dismissed, or alternatively that the scope of recovery should be limited, because the District seeks

fees unrelated to IDEA complaints, related to proceedings in which the District was not a

prevailing party, and for complaints that are time-barred. For the reasons that follow, I will grant

the motion in part to limit recovery of attorneys' fees to a single due process complaint.

### I. IDEA Attorneys' Fees Provision

The District's claim is pursuant to the IDEA provision, effective July 1, 2005, permitting

an award of attorneys' fees in "any action or proceeding brought under this section . . . to a

*prevailing* State educational agency or local educational agency against the . . . parent, if the

*parent's complaint* or subsequent cause of action was presented for any improper purpose, such

as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation." 20

U.S.C. § 1415(i)(3)(B)(III)(emphasis added).

## II. Evaluation of Relevant Due Process Complaints

The District's seeks attorneys' fees for proceedings related to gifted services for J.Z. and M.Z. under Pennsylvania law and regulations and for disability services to M.Z. pursuant to the IDEA  The District's claims pursuant to state law for gifted services were dismissed by my July 23, 2010 order. Nonetheless, the District asserts that costs for actions under the gifted laws and Office of Civil Rights should be recoverable because otherwise a "parent could continuously file complains with OCR and under state gifted laws [to] drive up costs in an effort to produce her desired result under [the] IDEA." Opp. at 6.

The IDEA fee provision, however, clearly applies only to actions pursuant to the IDEA. The District's ability to recover fees is therefore restricted to those proceedings related to due process complaints regarding services for M.Z.'s disability-related services, and not to any gifted-related services. The record evidence contains six such due process complaints: three filed by the District on May 27, 2003, December 10, 2008, and May 19, 2010 and three filed by Zhou on October 19, 2006, May 7, 2007, and December 16, 2008.

### (1) May 27, 2003 District-Filed Complaint

The District cannot recover fees related to the May 27, 2003 complaint because I have already ruled that the IDEA fee-shifting provision does not apply retroactively and that the District may not be awarded attorneys' fees incurred before July 1, 2005, the effective date of the provision. *See* July 23, 2010 Memorandum at 6.

### (2) December 10, 2008 and May 19, 2010 District-Filed Complaints

Zhou argues that the IDEA limits recovery of fees to complaints filed by a parent and that the District cannot recover fees related to the District-filed December 10, 2008 and May 19, 2010

2

complaints. The District argues that Zhou initiated these proceedings by refusing to permit the District to re-evaluate her son and insisting on an independent educational evaluation ("IEE"), thereby obligating the District to file the complaints and permitting it to recover attorneys' fees.

The IDEA requires school districts to provide annual IEPs specifying the special education program and support services to be provided to students, like M.Z., who are eligible for services under the IDEA. 20 U.S.C. § 1414(d). The IDEA states that the District is required to obtain parental consent prior to any re-evaluation. If the parent refuses consent, as Zhou did here, "the public agency *may, but is not required to*, pursue the reevaluation by using the consent override procedures" such as a due process hearing or mediation. 34 C.F.R. § 300.300(c)(i) (emphasis added). Similarly, where a parent disagrees with an evaluation obtained by the school and insists on her right to an independent educational evaluation ("IEE") at public expense, the school district may: (1) "ensure that the IEE is provided," *or* (2) "file a due process complaint to request a hearing to show that its evaluation is appropriate" and it may (3) ask, but not require the parent to provide a reason for the objection. 34 C.F.R. § 300.502(b).

The District may have felt compelled to file a complaint to dispute Zhou's refusal to consent to a reevaluation or to challenge her demand that it pay for an IEE. The impetus for a District-filed complaint, however, is irrelevant to the ability of the District to recover attorneys' fees from a parent incurred by its doing so. The District was not *required* to file a complaint due to action taken by the parent and the clear language of the IDEA fee-shifting provision permits a school district to recover attorneys' fees from a parent only where *the parent* has filed the complaint.

3

### (3) October 19, 2006 and December 16, 2008 Zhou-Filed Complaints

The District stated that it "is not requesting fees as a 'prevailing party' in the October 19, 2006, and December 16, 2008, complaints," conceding that neither of the complaints "resulted in a 'prevailing party.'" Dist. Opp. to MSJ at 10. It therefore cannot recover attorneys' fees related to either complaint.

### (4) May 7, 2007 Complaint

The only remaining complaint is that filed by Zhou on May 7, 2007. This complaint is subject to the fee-shifting provision. Although the District is limited to recovering fees related only to the May 7, 2007 complaint, evidence of other complaints and proceedings are relevant and admissible to establish that Zhou's May 7, 2007 complaint was filed for an "improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation."

### III. Statute of Limitations

Zhou argues that the District's recovery of attorneys' fees is barred by the statute of limitations. The IDEA requires a parent or agency request a "due process hearing within 2 years of the date the parent or agency knew or should have known about the alleged action that forms the basis of the complaint." 20 U.S.C. § 1415(f)(3)(C). In addition, the IDEA states that a "party aggrieved" by a due process hearing decision may bring a civil action within ninety days from the date of the decision. 20 U.S.C. § 1415(i)(2)(A) and (B). However, the IDEA fee-shifting provision does not specify an applicable statute of limitations.[1]

---

[1] Zhou argues the 90-day limitations period should apply. I find that the statute clearly does not apply this limitation to the attorneys' fee provision. *See e.g., Davidson v. District of Columbia,* 736 F. Supp. 2d 115,123-124 (D.D.C. 2010) (finding "the shorter limitations period

4

Where a federal statute does not specify a statute of limitations, the court applies "the most closely analogous state limitations period" that is consistent with the federal statute. *Graham Cnty. Soil & Water Conservation Dist. v. United States ex rel. Wilson*, 545 U.S. 409, 414 (2005). Although the Third Circuit has not addressed the applicable statute of limitations, district courts in this Circuit have done so and applied at least a two year statute of limitations. *See, e.g., Murphy v. Girard Sch. Dist.*, 134 F. Supp. 2d 431 (W.D. Pa. 2000) (analyzing applicable statute of limitations to IDEA attorneys' fees claim and concluding "limitations period is at least two years") (overturned on other grounds at *D.S. v. Neptune Twp. Bd. of Educ.*, 264 Fed. Appx. 186 (3d Cir. 2008)); *B.K. v. Toms River Bd. Of Ed.*, 998 F. Supp 462, 473 (D.N.J. 1998) (analyzing statute of limitations in IDEA attorneys' fee claim and holding it must be brought within a "reasonable time" and that within two years was reasonable).

Consistent with these opinions and the finding that the IDEA attorneys' fees provision is analogous to a tort, I will apply a two year statute of limitations. *See e.g.*, 42 Pa.C.S. § 5524(1),(2), (7) (two-year statute of limitations for malicious prosecution, injury or wrongful acts). I therefore must assess whether the District knew or should have known that Zhou's May 7, 2007 complaint was filed for an improper purpose prior to July 31, 2007, two years before it filed its complaint.

Zhou's May 7, 2007 due process complaint was filed to dispute the District's proposed

applicable to claims challenging administrative determinations [does] not apply because IDEA fee litigation [is] separate and distinct from, rather than merely ancillary to, substantive IDEA litigation challenging an administrative [hearing officer determination]").

March 28, 2007 Individual Education Program ("IEP").[2]  At a meeting between the District and Zhou on May 31, 2007, Zhou disapproved the IEP that was presented in the District's Notice of Recommended Educational Placement ("NOREP"). A due process hearing was scheduled for June 6, 25, and 26, 2007 that resulted in a decision for the District. On July 31, 2007, a hearing officer approved the District's proposed IEP and ordered the District to implement the May 31, 2007 IEP.

To succeed on a claim for attorneys' fees, the District must be the prevailing party in the underlying dispute. The statute of limitations therefore cannot begin to run until the hearing officer's determination which was on July 31, 2007. *See e.g., Davidson*, 736 F. Supp. 2d at 124 (finding the statutory time limit for an attorney fee claim under the IDEA starts to run when the services provided by the attorney were completed and the plaintiff qualified as the prevailing party, thus starting the clock from the date of the hearing officer's determination). The District filed its complaint within two years of the hearing officer's decision and its claim for attorneys' fees in relation to the May 7, 2007 complaint is therefore timely.

## IV. Conclusion

The District may proceed on its claim for attorneys' fees against Zhou in relation to her May 7, 2007, IDEA due process complaint related to services for her son, M.Z. The District may present evidence of other complaints and proceedings to establish that the May 7, 2007 complaint was filed for an "improper purpose, such as to harass, to cause unnecessary delay, or to

---

[2] The IDEA requires school districts to provide annual IEPs specifying the special education program and support services to be provided to students, like M.Z., who are eligible for services under the IDEA. 20 U.S.C. § 1414(d).

needlessly increase the cost of litigation."

An appropriate order follows.