IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BETHLEHEM AREA SCHOOL DISTRICT, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DIANA ZHOU, | : | NO. 09-03493 |

**MEMORANDUM**

Ditter, J.                                                                                                               March 19 , 2012

This matter presently involves a contract provision that proceedings before a mediator be kept confidential. I conclude that the contract was breached, claimant Diana Zhou's motion for summary judgment must be granted, she is entitled to nominal damages of $1, and at trial she may present evidence of actual damages.

**I. FACTS**

This dispute is a sideshow to a suit in which the Bethlehem School District contends that the defendant, Diana Zhou, abused the processes provided by the Individuals with Disabilities Education Act ("IDEA") in connection with the district's programs and plans for her son, M.Z.[1] Among other things, the district charges that Zhou has a pattern and history of requesting repetitive and excessive due process hearings and improperly sought unnecessary interpretation services in an effort to drive up costs so that the District would pay to place her son in private school.

---

[1] The District's amended complaint seeks relief pursuant to the IDEA (Count I) and Pennsylvania state law related to services under Pennsylvania's Gifted Laws (Count II). The relief sought addressed proceedings related to Zhou's two children, M.Z. and J.Z. However, Count II was dismissed and only M.Z. is eligible for services pursuant to the IDEA.

1

Before the present suit was filed, and in an effort to resolve a part of their many then-existing disputes, the district and Zhou agreed to mediation using the services of the Office of Dispute Resolution under its *Mediation Rules for Special Education* (*"Mediation Rules"*) and an *Agreement to Mediate*.

The *Mediation Rules* is signed by Zhou, three District representatives, and the mediator. It begins by noting that "parties and participants need to agree to abide by the same rules, otherwise mediation cannot be productive" and sets forth eleven points for agreement. Those points include: "To share educational or relevant family information openly;" "That discussion during the mediation is confidential;" "That the mediator will not be called as a witness in future legal proceedings."

Each party and the mediator separately signed identical copies of the *Agreement to Mediate*. Above the signature of each party, it states:

> I am choosing to pursue mediation in an effort to reach an agreement on some or all of the issues regarding special education for the student. . . . If an agreement is reached, I understand that the signed agreement/contract is not confidential. I understand that discussions during the mediation session are confidential and will not be used during subsequent proceedings. I, therefore, agree not to call the mediator as a witness in future proceedings pertaining to the student's case.

The District alleges in its present complaint that Zhou "advised the Mediator that the [sic] she was engaging in due process procedures to drive up costs for the District so that the District would agree to pay for M.Z. and J.Z. to go to private school." Am. Compl. ¶ 168. The District then "called William Haussmann as a witness regarding [Zhou's] statements of intention to 'drive up costs.'" District Opp. To Zhou's MSJ on Breach of Contract Counterclaim ("Dist. Opp.") at 12.

2

## II. DISCUSSION

Zhou asserts that the *Mediation Rules* and *Agreement to Mediate* are contracts, that the District breached these contracts by repeating a statement made by Zhou during a mediation proceeding in its complaint and by calling the mediator to testify in this case, and that she has suffered damages as a result of the breach. The District argues that Zhou's motion for summary judgment should be denied because: (1) the agreements are not contracts; (2) the mediation was nullified because Zhou refused to participate; (3) this court already found that Zhou's statement is not protected; and (4) she cannot establish damages. The District also argues that the mediator can be called at trial and Zhou's statement is admissible because there are no enforceable confidentiality agreements.

### 1. The Agreements Constitute A Contract Between the District and Zhou

The District argues that the documents are not contracts because they do not create a relationship between the District and Zhou and they do not evidence an intent to enter into a written contract pursuant to the IDEA. Dist. Opp. at 6-7. The District does not cite to any law in support of its assertions.

"In general, to determine whether a contract was formed under Pennsylvania law, a court must look to: (1) whether both parties manifested an intention to be bound by the agreement; (2) whether the terms of the agreement are sufficiently definite to be enforced; and (3) whether there was consideration." *Century Indem. Co. v. Certain Underwriters at Lloyd's,* 584 F.3d 513, 533 (3d Cir. 2009).

### A. Elements of an Enforceable Contract Between the District and Zhou

There is no question that both the District and Zhou manifested an intention to be bound

by the *Mediation Rules* and *Agreement to Mediate*. Richard Agretto signed each agreement on behalf of the District and testified that it was his intent to be bound by the agreements. Zhou also signed each agreement, indicating her intent to be bound by the agreements.

Having determined that the District and Zhou intended to be bound by the definite terms set forth in these documents, I must then decide the question of whether there is an enforceable contract between the District and Zhou. This question depends on whether there was consideration between the two parties. It is a general principle of contract law that mutual promises are valid consideration. Here, Zhou and the District promised to participate in mediation and promised to keep their mediation discussions confidential. These terms provide a benefit to both Zhou and the District and may be enforced by either party against the other.[2]

**B. IDEA Regulations on Confidentiality and Binding Agreements**

The District also argues there is no enforceable contract because the IDEA regulations condition a binding and enforceable agreement on resolution of a dispute. The District asserts that because there was no resolution the signed documents cannot constitute contracts. Dist. Opp. at 5, citing 34 C.F.R. § 300.506. For the reasons that follow, this argument has no merit.

Pursuant to the IDEA regulations, the District was required to "ensure that procedures are established and implemented to allow parties . . . to resolve disputes through a mediation

---

[2] Courts have found mutual promises to arbitrate and mutual agreements of confidentiality to be sufficient consideration in forming a contract. *See e.g., Ticknor v. Choice Hotels Int'l, Inc.*, 265 F.3d 931, 944 (9th Cir. 2001) (finding mutual promises to arbitrate constituted an enforceable contract and that each promise provides consideration for the other); *O'Neil v. Hilton Head Hosp.,* 115 F.3d 272, 275 (4th Cir. 1997) ("A mutual promise to arbitrate constitutes sufficient consideration for this arbitration agreement."); *Joao v. Cenuco, Inc.*, 376 F. Supp. 2d 380, 384 n.4 (S.D.N.Y. 2005) (noting that a confidentiality agreement that "prohibit[ed] either party from disclosing information discussed" was supported by consideration because mutual promises constitute valid consideration).

process." 34 C.F.R. § 300.506(a). Among the requirements for such procedures, the regulations state: "Discussions that occur during the mediation process must be confidential and may not be used as evidence in any subsequent due process hearing or civil proceeding of any Federal court or State court . . . ." *Id.* § 300.506(b)(8). This separate sub-paragraph is not premised on a final resolution and clearly encourages exactly the type of confidentiality agreement that the parties signed here.

Indeed, the Fourth Circuit found that this provision "ensure[s] that mediation discussions will not be chilled by the threat of disclosure at some later date. Enforcing the confidentiality provision is therefore critical to ensuring that parties trust the integrity of the mediation process and remain willing to engage in it." *J.D. v. Kanawha County Bd. Of Ed.*, 571 F.3d 381, 384 (4th Cir. 2009) (affirming exclusion of settlement offer in a challenge to an attorneys' fee award in an IDEA matter).

The IDEA and its regulations clearly do not require, as the District argues, that no confidentiality agreement can exist or be enforced without resolution of the dispute. To the contrary, it would defy the statute to find an agreement to be unenforceable that binds the parties to maintain confidentiality in the process of a mediation.

### 2. The District Cannot Contend That Zhou Did Not Participate in the Mediation

The District argues that "no mediation occurred" because Zhou "refused to engage." Dist. Opp. at 7. It asserts "there was no mediation between the parties, and this then [sic] could be no violation of confidentiality in mediation." *Id*. at 9.

However, the District admitted to Zhou's allegation that: "On November 24, 2008, the

5

District and *[Zhou] participated in voluntary mediation* administered by the Office for Dispute Resolution (ODR) to resolve a dispute relating to M.Z." Zhou Ans. and Counterclaim at ¶ 246 (emphasis added); Dist. Ans. ¶ 246. The District therefore cannot avoid a breach of contract claim on the basis that there was no mediation due to Zhou's failure to participate or engage with the mediator because it admitted that she participated.

### 3. My Prior Ruling Is Not Determinative

The District, in its answer to Zhou's counterclaims and its opposition to her motion for breach of contract, relies heavily on my prior opinion finding Zhou's statement should not be stricken from the complaint. *See e.g.,* Dist. Ans. ¶¶ 251-52, 254-60; Dist. Opp. at 12. The District argues that "because this Court has held that [Zhou's] statements regarding 'driving up costs' occurred outside of mediation, the mediation agreements do not pertain to that comment." *Id.*

My prior ruling on Zhou's motion to strike information from the complaint does not dictate a result on Zhou's breach of contract claim. Indeed, in my earlier ruling, I explicitly noted that "'[m]otions to strike are not favored and usually will be denied'" and, as required, I accepted all of the District's factual allegations as true. *Bethlehem Area Sch. Dist. v. Zhou*, 2010 U.S. Dist. LEXIS 74404, *6 (E.D. Pa. July 23, 2010) (quoting *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002)). I specifically noted that "the *plaintiff makes no claim* that the defendant was participating in mediation discussions." *Id.* at 5 (emphasis added).

At the time of that decision, I was not aware of the signed *Mediation Rules* or *Agreement to Mediate*, I did not have any evidence of the context of Zhou's alleged statement, and I did not

6

have Zhou's counterclaims or the District's answer. With all of this information presently before me, I am no longer bound to accept the District's allegations as true or to rely solely on those allegations. Viewing the facts in the light most favorable to the District as the non-moving party, I find that the District breached its agreement with Zhou to maintain the confidentiality of discussions that took place during the course of mediation and to not call the mediator at future legal proceedings.

**4. Damages**

Zhou alleges that she has suffered and will continue to suffer damages as a result of the District's breach of the Mediation Rules Agreement and Agreement to Mediate. She seeks a jury trial on the issue of damages.

Under Pennsylvania law, "any breach of contract entitles the injured party at least to nominal damages." *Scobell Inc. v. Schade*, 688 A.2d 715, 719 (Pa. Super. Ct. 1997); *see also, Nesselrotte v. Allegheny Energy, Inc.*, 615 F. Supp. 2d 397, 408 (W.D. Pa. 2009) (finding that even if counterclaimant on breach of confidentiality claim was "unable to demonstrate actual damages at the time of trial, it is still entitled to nominal damages as a result of Plaintiff's breach"). To establish actual damages, Zhou must present evidence that will allow a jury to calculate damages to a "reasonable certainty" without resort to "conjecture." *See e.g., Zeno v. Ford Motor Co.*, 480 F. Supp. 2d 825, 834 (W.D. Pa. 2007) (citing cases); *Nesselrotte*, 615 F. Supp. 2d at 408 (finding counterclaimant's contractual damages shall be determined at trial).

In presenting evidence of actual damages, Zhou will not be permitted to seek attorneys' fees. The general rule in Pennsylvania "is that each side is responsible for the payment of its own costs and counsel fees absent bad faith or vexatious conduct. . . . This so-called 'American Rule'

7

holds true 'unless there is express statutory authorization, a clear agreement of the parties or some other established exception.'" *McMullen v. Kutz*, 985 A.2d 769, 775 (Pa. 2009) (internal citations omitted). Therefore, "in breach of contract matters, fees are unavailable absent an agreement between the contracting parties." *Edevac MidAtlantic, LLC v. Keystone Mercy Health Plan*, 2011 U.S. Dist. LEXIS 98234, *54 (E.D. Pa. Aug. 31, 2011). *See also, Lewis v. Delp Family Powder Coatings, Inc.,* 2011 U.S. Dist. LEXIS 34908, *13 (W.D. Pa. Mar. 31, 2011) (finding "Pennsylvania courts have routinely applied the American Rule to deny recovery of attorneys' fees in breach of contract and negligence cases").

I therefore award Zhou nominal damages in the amount of $1 and will permit her to present evidence of actual damages at trial.

**5. Calling Mediator At Trial and Introducing Evidence of Statements at Mediation**

Zhou also seeks to preclude the District from calling the mediator to testify at trial or presenting "any other evidence of statements made during mediation by the parties or the mediator." Zhou MSJ on Breach of Contract at 9. The explicit terms of the *Mediation Rules* and *Agreement to Mediate* limit evidence in the case of trial by barring the parties from calling the mediator as a witness in future legal proceedings. The District therefore may not call the mediator to testify and may not use the mediator's deposition testimony at trial.

As of this time, I also find that evidence of statements made during mediation are inadmissible. I will, however, revisit this ruling subject to objection based on testimony at trial.

**III. CONCLUSION**

Zhou has established a breach of contract and will be awarded nominal damages of $1

and permitted to present evidence of actual damages at trial. The District is precluded from calling the mediator at trial. The District shall not introduce evidence of statements made at the mediation at issue, although I will revisit the admissibility of these statements subject to testimony at trial.

      An appropriate order follows.