# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BETHLEHEM AREA SCHOOL DISTRICT** | : | CIVIL ACTION |
| v. | : | |
| **DIANA ZHOU** | : | NO. 09-CV-03493 |

## MEMORANDUM AND ORDER

**Ditter, J.**                                                                                                                              **July 1, 2014**

This case began with the Bethlehem Area School District pursuing an action against Diana Zhou, a mother with two sons who were students in the District. The District alleged Zhou had abused her rights and remedies under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400, *et seq.* ("IDEA"), and as a result, it was seeking attorneys' fees under the IDEA, 20 U.S.C.A. § 1415(i)(3)(B)(i)(III), and under Pennsylvania law, 42 Pa. Cons. Stat.§ 2503(9) ("Dragonetti Act"), for the favorable results it had achieved in due process claims. Zhou responded with her own claims of misconduct on the part of the District under Section 504 of the Rehabilitation Act.

Zhou's complaints were heard by a jury and she prevailed on a claim of retaliation. She was awarded $10,000 in damages. I found in favor of the District as to one of its claims and determined that it was entitled to the costs, and potentially to attorneys' fees, incurred in connection with that due process hearing.

The District filed post-verdict motions following the jury trial which were denied

and are currently before the Court of Appeals for the Third Circuit. That appeal has been stayed by order of the court dated May 15, 2014. Zhou did not file post-verdict motions following the non-jury verdict, nor did she appeal. The parties' now present their respective petitions for attorneys' fees.

1. <u>Factual and Procedural Background</u>

In order to resolve the issue of attorneys' fees, I must determine what fees were incurred by Zhou where she prevailed and by the District where it prevailed. Fees are a matter of my discretion, but I must explain whatever decision I reach and my knowledge of the case is important. I will revisit its somewhat tortured history. Although much was filed and argued along the way, the issues of this case were anything but complicated, and the results, while significant to the parties, were less than ground-breaking.

It started with a complaint filed by the District on July 31, 2009. In response, Zhou filed a motion to strike and to dismiss. That motion was denied and the District filed an amended complaint on October 9, 2009. Again, Zhou filed a motion to strike and to dismiss. It was initially denied, but motions to file replies and sur-replies were granted.

On December 31, 2009, this case was reassigned to my docket. I denied the motion to strike after concluding that the material Zhou sought to have stricken from the amended complaint was not redundant, immaterial, impertinent, or scandalous. I also found that the District's claim for attorneys' fees under the IDEA stated sufficient facts to survive a motion to dismiss. However, I granted the motion to dismiss on the District's

claim for attorneys' fees under the Dragonetti Act. On September 6, 2009, Zhou filed an answer to the amended complaint and counterclaims against the District, followed by a motion to amend/correct the answer and counterclaims filed by Zhou. The District responded with its own motion to file an amended answer to the counterclaims. A motion to bifurcate the claims was next and was denied. All of these motions were vigorously opposed by the non-moving party. On January 24, 2011, I granted Zhou's motion to file an amended answer and counterclaims. The District's answer to the counterclaims followed.

Next came the discovery disputes. There were multiple motions to compel, motions for protective orders, motions to quash, and motions for additional time. By September 1, 2011, we were ready for the filing of cross-motions for summary judgment. Exhibits were filed, as were motions *in limine*. On March 20, 2012, I decided the cross-motions. Zhou's promissory estoppel claim was dismissed, but summary judgment was entered in Zhou's favor on her breach of contract claim.[1] The motions were denied in all other respects.

At the conclusion of this fairly contentious pretrial process, Zhou's retaliation claim remained, and the District was able to proceed to trial on one of its six claims, one that asserted Zhou's IDEA due process hearing request was made for an improper purpose.

---

[1] I found that Zhou was entitled to nominal damages of $1.00 and permitted her the opportunity to present evidence of actual damages at trial. She did not do so.

The District's IDEA claim is an action in equity that does not permit a jury trial. Zhou's retaliation claim is a legal claim for which she demanded a jury trial. Trial on both issues was held from August 6, 2012 to August 16, 2012. The jury found that the District had retaliated against Zhou and awarded $10,000 in compensatory damages. The parties submitted requested findings of fact and conclusions of law on August 17, 2012. On April 9, 2013, I found that the District was entitled to costs, and potentially attorneys' fees,[2] resulting from Zhou's improper refusal to approve an IEP dated March 31, 2007, and her April 27, 2007, demand for a due process hearing unless the District would amend the IEP to suit her. I held further that in order to determine whether attorneys' fees should be awarded, and in what amount, there needed to be additional proceedings. A conference was scheduled to discuss the procedure for accomplishing this task.

Following this conference, the case was referred to Magistrate Judge David R. Strawbridge for a settlement conference. In the event settlement negotiations were unsuccessful, I ordered that the District file its petition for attorney fees, and scheduled oral argument on the District's outstanding post-verdict motions. Settlement was not accomplished.

On May 23, 2013, the District filed its petition for attorneys' fees. Zhou filed her response to the District's requested fees on June 13, 2013. The District then asked me to

---

[2] The IDEA provides that I "may award reasonable attorneys' fees as part of the costs" to the District if the "parent's complaint or subsequent cause of action was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation." 20 U.S.C. § 1415(i)(3)(B)(i)(III).

delay resolution of its fee petition. Zhou objected. On August 20, 2013, the District filed a motion to amend/correct its petition for attorneys' fees. In support of this motion counsel argued they were entitled to a fee award greater than the hourly rate they had charged the District because that was less than the prevailing rate, significantly less than the rate charged by counsel for Zhou, and because the quality of representation and novelty of the case required such an enhancement. Zhou objected. A reply and sur-reply were filed.[3]

Oral argument on the District's post-verdict motions was held on October 21, 2013. On October 17, 2013, the District filed a "supplemental brief" in support of its motion. On October 22, 2013, those motions were denied. Zhou filed her motion for attorneys' fees and costs on November 19, 2013. That same day, the District filed its appeal.

    2. <u>Attorneys' Fees</u>

Under the IDEA and the Rehabilitation Act, a prevailing party may petition for an award of costs and *reasonable* attorneys' fees; that is, fees that will be enough to attract competent counsel without producing a windfall to the lawyers. However, the party seeking attorneys' fees has the burden to prove that its request for attorneys' fees is *reasonable*.

---

[3] District counsel have filed a separate motion seeking to enhance the lodestar by increasing the hourly rates of the attorneys above the amount actually negotiated and paid by the District and adding additional hours not included in their original motion. This increases their request to $847,017.50 – a jaw-dropping amount for this case. That motion is denied by separate order.

Here, I have been asked to award the District $305,977.62 in attorneys' fees and costs. Zhou seeks fees and costs totaling $357,163.71. Both parties contend their fees are reasonable and that opposing counsel's are not. I agree that neither request is reasonable and I am therefore directing counsel to submit a revised petition, bearing in mind these further observations.

In these cases, the court uses the lodestar formula, which requires multiplying the number of hours r*easonably* expended by a *reasonable* hourly rate. Once the lodestar has been calculated, I must consider other factors, such as the results obtained in fashioning an award that is reasonable and appropriate. The party requesting the fee must document the hours worked with sufficient specificity to allow the court to make this determination. *Evans v. Port Authority of New York and New Jersey*, 273 F.3d 346, 361 (3d Cir. 2001). While in ordinary circumstances, the court should assume the lodestar is correct, it may be adjusted where the court finds there is reason to do so.

In general, a court should not decrease a fee award based on factors that have not been raised by the opposing party. *Rode v. Dellarciprete*, 82 F.2d. 1177, 1182-83 (3d Cir. 1990). Notwithstanding this general rule, I may *sua sponte* reduce requested fees with respect to matters within my personal knowledge. *Bell v. United Princeton Properties, Inc.*, 884 F.2d 713, 719 (3d Cir. 1989). Moreover, I have an affirmative duty to conduct a thorough and searching analysis to identify excessive, redundant, or otherwise unnecessary charges. *McKenna v. City of Philadelphia*, 582 F.3d 447, 459 (3d Cir. 2009).

This is a case where there is reason to reduce the lodestar calculations provided by both sides.

Counsel have submitted petitions that seek fees for virtually all time spent pursuing this case, contending that the issues in this case are intertwined and therefore a fee award for all their work is justified.[4] For the purpose of a fee award, the concept of intertwining requires more than repetitive testimony from different sources about the same thing that is really not in dispute. For there to be legal intertwining, there must be some inseparability concerning facts that matter and the legal issues that pertain to those facts. The facts must have some purpose – offensive or defensive, and not just be scattered around like so many leaves that have fallen from a tree.

To start off, the District prevailed on one of its six claims that Zhou abused the due process procedures under the IDEA, and Zhou prevailed on her retaliation claim. These are two distinct legal theories that are not intertwined.

Second, there were many matters that were distinct from the parties' prevailing claims, and involved separate facts and legal issues that were the subject of numerous motions. I considered and ruled upon pretrial motions to dismiss, compel, quash, and amend. I conducted conferences on these issues in chambers and by telephone. There should be no fees awarded for unsuccessful or unnecessary issues and proceedings, unless counsel can establish they were sufficiently intertwined with a successful claim.

---

[4] Ms. Darr has indicated that she excluded some time she believed was not compensable, but no such effort was made by counsel for the District.

On the basis of the fee petitions before me and from my knowledge of the trial proceedings, I conclude that there was no intertwining. However, I shall give counsel the opportunity to expand on this issue when they file their amended fee petitions.

There is another matter for counsel to consider in requesting fees and that is that I can also factor the degree of success achieved in the litigation in my award of attorneys' fees. Although counsel for Zhou has indicated deductions were made for certain unsuccessful motions and issues, I am confident more can be deducted. The District has not made any such deductions. There is no hard and fast formula, but nonetheless, the District should consider that it succeeded in only one of its six claims and Zhou should consider that she was awarded $10,000.

I note further that in many instances fees are sought for multiple attorneys attending any number of proceedings. This case was not so complex that such a deep bench was required at even the most innocuous conference or routine hearing. Counsel should look to this fertile land for reasonable reductions. Counsel should also consider the reasonableness of the rates charged for some of the associates who participated at various stages of this case. Again, counsel for Zhou has made some adjustments in this regard, but more can be done and counsel for the District has not made any attempt to cull out unnecessary, excessive and duplicative hours.

Finally, the District shall separately specify attorneys' fees and costs attributable to the 2007 due process hearing on which it prevailed and shall also designate that portion of

the fees and costs incurred in the administrative proceedings. Zhou shall also separately specify attorneys' fees and costs attributable to her retaliation claim.

3. Conclusion

Because I find that both parties prevailed with regard to their respective claims and that they have failed to establish that the issues relating to those claims are intertwined, the parties are to file supplemental fee petitions relating solely to time spent on the claim on which they prevailed or which was part of the common core of facts on which they did not prevail. Each shall review their submission with this thought in mind – "reasonable attorneys' fees are the product of the *hours reasonably expended* and the applicable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). I expect the new petitions to be significantly reduced.

An appropriate order follows.