# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BETHLEHEM AREA SCHOOL DISTRICT** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **DIANA ZHOU** | : | **NO. 09-CV-03493** |

## MEMORANDUM ORDER

AND NOW, this 1st day of July, 2014, IT IS HEREBY ORDERED that the Bethlehem Area School District's motion to "amend and adjust Plaintiff's counsel lodestar value and attorneys' fees calculation" (Dkt. # 239) is DENIED.

In support of this order I make the following findings.

1. The District seeks to increase its rates from the amount it agreed to charge the District, $145 - $165 per hour, to an amount it now claims is the appropriate prevailing rate, $355 - $450 per hour. The District's motion to amend also seeks fees for over 500 hours not included in its original fee petition, but fails to explain the disparity in hours. The new lodestar would total $847,017.50. This not a simple amendment or adjustment to correct a clerical error or minor omission.[1]

---

[1] This essentially new fee petition is also untimely. *See* Fed. R. Civ. P. 54(D)(2)(b)(i) and (iii) (a motion for attorneys' fees shall be filed no later than 14 days after the entry of judgment unless the court orders otherwise and the motion must "state the amount sought or provide a fair estimate of it."). The District's explanation for seeking this amendment is "to establish a level playing field in comparing the fee petitions expected to be submitted and considered, and to reflect the disparity in obligations to pay, difference in experience, uniqueness of the actions pursued and similarity in conditions and circumstances of the trial itself." *See Mot. to Amend*, at 5, ¶ 21. The District has made no effort to explain why it did not seek these rates and the additional hours in its original timely fee petition and it provides no legal authority for allowing such an amendment.

2. The District had already filed a fee petition seeking in excess of $300,000 in attorneys' fees and costs that reflected the actual hourly rate paid by the District to its counsel. The billing rate was set by a contract that was entered into by the District and the King Spry law firm after a competitive bidding process.

3. The determination of reasonable attorneys' fee is a matter within my discretion, but I must provide an explanation for the fee, including any enhancement. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542 (2010). The lodestar method is designed to produce "an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Id.* at 551. Enhancement of the lodestar is reserved to the "rare" and "exceptional" circumstance. *Id.* at 552. Here we know the actual fee counsel for the District was willing to be paid for their representation of the District in this case.

4. In consideration of the nature of this case, the performance of counsel, and the results achieved, I find the rates actually charged are reasonable. Contrary to the District's counsel's assertions otherwise, there are no rare or exceptional circumstances in this case that justify the requested enhancement. To the extent this case was novel or complex, these factors are reflected in the number of hours billed by counsel. *Id.* at 552-553.

5. "A reasonable attorney's fee is one that is adequate to attract competent counsel, but that does not produce windfalls to attorneys." *Blum v. Stenson*, 465 U.S.

886, 897 (1984). In this case, there is no reason to reimburse attorneys' fees in excess of the amount actually charged.

BY THE COURT:

/s/ J. William Ditter, Jr.
J. WILLIAM DITTER, JR., J.
